## TERRY v. BYERS ET AL.

[No. 20,107.   Filed October 30, 1903]

CRIMINAL LAW.—*Indeterminate Sentence Law.—Punishment.—Reformatory.*—The punishment to be adjudged in a conviction under §1906b Burns 1901 is for the maximum time prescribed by the statute. *pp. 362, 363.*

SAME.—*Indeterminate Sentence Law.—Rules.—Discretion of Board.*—The discretion of the board of managers of the Indiana Reformatory, under §1906b Burns 1901, to terminate an imprisonment when the rules and requirements of such reformatory have been obeyed and performed according to the provision of the act is not subject to the supervision or control of the courts. *p. 363.*

SAME.—*Indeterminate Sentence Law.—Discretion of Board.—Words and Phrases.*—The word "may," as used in the last sentence of §1906b Burns 1901, grants to the board permission, liberty, or discretion to terminate an imprisonment when the rules and requirements have been fulfilled, and does not render the provision mandatory. *pp. 363, 364.*

From Clark Circuit Court; *J. K. Marsh,* Judge.

*Habeas corpus* by Charles Terry against Joseph P. Byers and others. From a judgment denying the writ, plaintiff appeals. *Affirmed.*

*H. R. Robbins, W. C. Pentecost* and *J. M. Fuller,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley, W. C. Geake, L. G. Rothschild* and *M. Z. Stannard,* for appellees.

DOWLING, J.—The appellant filed his verified petition in the Clark Circuit Court for a writ of *habeas corpus,* charging that he was restrained of his liberty at the Indiana Reformatory by Joseph P. Byers, Albert J. Warner, John G. Williams, Doctor J. Terhune, John S. McDonald, Charles E. Shively, Charles B. Bibelin, and James W. Comfort, who constituted the board of control of such reformatory. The cause of his restraint was alleged to be a certified copy of a judgment of conviction of the petitioner of the crime of larceny, rendered January 19,

1901, by the Allen Circuit Court in this State, and fixing his punishment at confinement in said reformatory for an indeterminate period of from one to fourteen years. The illegality of such restraint, it was averred, resulted from the fact that, since his commitment to said institution, the petitioner had faithfully observed the rules and requirements thereof, and thereby became entitled to his discharge therefrom January 19, 1902; but that the board of managers of the reformatory had falsely charged him with various infractions of the discipline of the institution, and, without giving him a hearing, had adjudged him guilty, degraded him in standing, and prolonged his term of imprisonment; and that he had already served as a convict for more than two years. The petition further stated that he had been subjected to cruel and inhuman punishments in the reformatory upon false accusations of misconduct; that he had been denied credits of time gained by good behavior, to which he was entitled; that the defendants and officers of the reformatory had neglected to furnish him the educational training required by the statute; that he believed he was being kept in the reformatory because he was skilful and obedient, and not for disobedience to any law. A copy of the rules of the reformatory was attached to the petition as an exhibit. A writ was issued, and the appellees produced the said Terry before the court according to the exigency of the writ. The appellees moved to quash the writ for the reasons following: "(1) Because the application and complaint upon which said writ of *habeas corpus* was issued do not state facts sufficient to authorize the issuance of a writ of *habeas corpus*. (2) Because it appears from the averments of the application and complaint on which said writ of *habeas corpus* was issued that Charles Terry, the person named in said application and writ, was detained in the Indiana Reformatory at the time said writ was applied for and issued, under a judgment of the Allen

Circuit Court of the State of Indiana. (3) Because it appears from the averments of said application and complaint that the above-entitled proceeding is a collateral attack on the judgment of the Allen Circuit Court of the State of Indiana, under and by virtue of which Charles Terry was and is committed to the Indiana Reformatory, of which institution these defendants are the board of control." The motion to quash the writ was sustained and the appellant remanded to the custody of the appellees. This ruling is assigned for error.

The points made by counsel for appellant are: (1) That by faithful observance of the rules. of the reformatory an inmate thereof becomes entitled to discharge at the expiration of the minimum term of punishment for the crime of which he was adjudged guilty; (2) that the rules adopted by the board of control for the government of the inmates of the institution are unreasonable, and not authorized by law; (3) or that, if authorized, the statute so authorizing them is unconstitutional and void.

1. Section 8 of the act of 1897 (Acts 1897, p. 269, §1906b Burns 1901) provides that a defendant over the age of sixteen years and less than thirty years, found guilty of any crime except treason or murder in the first or second degree, shall be sentenced to the custody of the board of managers of the Indiana Reformatory, to be confined for a term of not less than the minimum time prescribed by the statutes as a punishment for such offense, and not more than the maximum time so prescribed, subject to the rules and regulations established by such board of managers. The section further declares that the board may terminate such imprisonment when the rules and requirements of such reformatory have been obeyed and performed according to the provisions of the act.

As was indicated in *Miller* v. *State,* 149 Ind. 607, 40 L. R. A. 109, the punishment to be adjudged in each case of conviction is for the maximum time prescribed by the

statute.   This term may be shortened by the good behavior of the person in custody, and the board of managers of the reformatory is authorized, in its discretion, to terminate such imprisonment when the rules and requirements of the reformatory have been faithfully observed.   This discretion of the board is not subject to the supervision or control of the courts.   It resembles that usually exercised by a board of pardons, or by the Governor of this State under the authority committed to him by the Constitution to grant reprieves, commutations of sentences, and pardons. The law confers upon the person imprisoned in the reformatory no absolute right of discharge under any circumstances until the maximum term of imprisonment prescribed as the punishment for the crime of which such inmate has been adjudged guilty has expired.   The word "may," as used in the latter part of §8, *supra,* must be understood in its usual acceptation, and as granting to such board permission, liberty, or discretion to terminate such imprisonment, and not as imposing on the board a duty to be performed in all cases whether such board believes the person in prison entitled to his discharge or otherwise. Should this clause of the act be construed as mandatory, all discipline in the institution would inevitably be overthrown, and the board would be exposed to innumerable and constantly recurring legal controversies with the inmates over the question of the right of such inmates to a discharge.   A construction of the statute which would probably be attended with such results ought not to be adopted.

The rules and regulations established by the board of managers seem to us appropriate, necessary, and humane; and, even if this court had the power to review them, we would not feel inclined to criticise or condemn their requirements.   They do not authorize cruel or unusual punishments, and, if such punishments should be inflicted, the civil and criminal laws of the State make ample pro-

vision for the protection of the rights of the prisoner and the punishment of the wrongdoer. Rules for the government of the reformatory are authorized by the act of February 26, 1897, and the constitutional validity of that act has been declared and affirmed by this court in numerous cases. *Miller* v. *State,* 149 Ind. 607; *Shelton* v. *State,* 149 Ind. 641; *Vancleave* v. *State,* 150 Ind. 273; *Wilson* v. *State,* 150 Ind. 697; *Davis* v. *State,* 152 Ind. 34, 71 Am. St. 322; *Colip* v. *State,* 153 Ind. 584, 74 Am. St. 322; *Bloom* v. *State,* 155 Ind. 292; *Shular* v. *State,* 160 Ind. 300.

The claim of the petitioner to be discharged from imprisonment on the ground that he has faithfully observed all reasonable rules and requirements of the reformatory prescribed by the board of managers can not be allowed. The petition for the writ was insufficient, and the Clark Circuit Court properly sustained the motion to quash, for the reason that the facts stated did not entitle the petitioner to his discharge from the reformatory.

There is no error in the record. Judgment affirmed.