GOLDSTEIN *v.* DALY, WARDEN.

[No. 26,272. Filed October 30, 1935.]

*Robert A. Buhler,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Ralph E. Hanna,* Deputy Attorney-General, for appellee.

FANSLER, J.—Appellant filed his petition for a writ of habeas corpus, seeking his release from the custody of appellee as warden of the Indiana State Prison. The appeal is from the judgment of the lower court sustaining appellee's motion to quash the writ.

It appears from the petition that in the year 1919 appellant was sentenced to the Indiana State Prison, for a term of five to fourteen years on a charge of robbery, by the Vigo Circuit Court; that he was paroled, and thereafter, in December, 1926, while still on parole, he entered a plea of guilty to a charge of assault and

battery with intent to commit a felony, in the Adams Circuit Court, and was sentenced to a term of two to fourteen years in the Indiana State Prison. Process issued from the Adams Circuit Court, committing him to the custody of the warden of the Indiana State Prison for a term of two to fourteen years. He was immediately taken into custody by the sheriff of Adams county and delivered to appellee pursuant to that commitment.

When appellant was delivered to appellee, he was treated as a returned parole violator, and was carried on the prison books as No. 7719, his number under his commitment from the Vigo Circuit Court, for four years after his commitment from the Adams Circuit Court, and until the expiration of the maximum sentence imposed by the Vigo Circuit Court. Thereafter he was given the prison number 14,613, and on the records of the prison his sentence from the Adams Circuit Court was treated as beginning at the termination of his sentence from the Vigo Circuit Court. Appellant's petition is based upon the theory that, because of the conduct of the warden, he was denied the right and privilege of petitioning for a pardon or parole at the end of the minimum term of his imprisonment under the judgment of the Adams Circuit Court; that the action of appellee in holding the sentence of appellant in abeyance had the effect of making the commitment and judgment of the Adams Circuit Court "void, functus officio, and without further force or effect and that by reason thereof, said petitioner is being deprived of his liberty . . . illegally, wrongfully and without due process of law."

Section 3-1918, Burns 1933, §1033, Baldwin's 1934, provides: "No court or judge shall inquire into the legality of any judgment or process whereby the party

is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: . . . Second. Upon any process issued on any final judgment of a court of competent jurisdiction."

The commitment was the process of the Adams Circuit Court, issued upon a final judgment of conviction of a crime. The court had jurisdiction of the class of cases and to enter the judgment, and its jurisdiction of the person of appellant is not questioned. The commitment was for the maximum term of fourteen years, and the term had not expired.

It is conceded by the attorney-general that appellant's term under his sentence from the Adams Circuit Court began to run at the time he was taken into custody under the commitment, notwithstanding his unexpired term under the former commitment. But the term of the first commitment had not expired. He had been paroled, and was a parole violator. The sentences were running concurrently. It would seem that, in determining whether he was entitled to be heard upon a petition for parole or pardon, his status under both sentences and the fact that he had violated his parole under the first, were proper subjects for consideration. But, if he had the right to be heard, and it was denied him, his remedy is an action to enforce the right, and the denial of the right cannot become the basis for his discharge from custody upon the theory that a valid judgment and commitment have become void because of the action of a ministerial officer of the prison.

Judgment affirmed.