HAMM *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 19,638. Filed October 11, 1961.]

*Thomas A. Hoadley,* of Blomington, for appellant.

*Edwin K. Steers,* Attorney General, and *Keith Campbell,* Deputy Attorney General, for appellee, Review Board of Indiana Employment Security Division.

COOPER, J.—This is a matter of judicial review from a decision of the Review Board of the Indiana Employment Security Division based upon the denial of a claim brought by an employee to recover unemployment benefits by reason of termination of the appellant's employment on or about the 4th day of August, 1960.

The Attorney General of Indiana, by one of his duly-appointed deputies, has filed a Confession of Error and admits that the judgment rendered in this cause should, in all things, be reversed. It is, nevertheless, the duty and responsibility of an ap-

pellate court in such matters to examine the record and determine whether the law, as applied to the facts in the cause being reviewed, requires a reversal. See *Myers* v. *State* (1954), 233 Ind. 66, 67, 116 N. E. 2d 839; *Green* v. *State* (1953), 232 Ind. 596, 115 N. E. 2d 211.

The record reveals that the appellant herein filed his "Application for Benefits" at the Bloomington, Indiana office of the Indiana Employment Security Division; said office denied his application. Thereafter, the appellant requested an appeal from the decision of the Claims Office to an appeals referee.

The record further reveals that on November 23, 1960, the cause was held by an appeals referee, and, at the time of said hearing, the appellant advised said referee, in substance, that he had employed an attorney, naming him, to represent him in the matter and that the appellant had attempted to reach his attorney the day before but found out he was in court. The referee ignored the statements made by the appellant, and proceeded to interrogate him, and at the conclusion of said interrogation, entered a finding against the appellant herein.

We do not deem it necessary to cite authority that the due process of law provisions of both constitutions apply equally to administrative boards, the same as to courts of law, and that the appellant herein had the right to be represented by counsel in this matter before the appeals referee, and at every other stage of the proceedings. When the referee proceeded in the matter as revealed by the record herein, without giving the appellant the benefit of his counsel, such act was arbitrary and illegal and calls for us to reverse the judgment and remand the cause with instructions to grant the appellant herein a full and complete hearing

and the right to appear before the appeals referee with his counsel in the manner provided for by law.

Ax, J., Myers, J., Ryan, P. J., concur.

NOTE.—Reported in 177 N. E. 2d 337.