CARL EDWARD ALCORN *v.* STATE OF INDIANA.

[No. 1270S313. Filed March 14, 1972.]

*Thomas L. Ryan, Robert S. McCain,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—This appeal arises on a motion to correct errors filed upon denial of appellant's petition for post conviction relief under Rule P. C. 1. Appellant pleaded guilty to the crime of second degree burglary and on April 14, 1964 was sentenced to not less than two (nor more than five) years. On April 8, 1970 appellant filed his amended petition for post conviction relief. The State filed an answer denying the petition. On June 11, 1970 the Court heard the petition and entered its finding of fact and conclusion of law and judgment on June 24, 1970, denying the relief prayed for.

Appellant was paroled from this commitment on July 20, 1966, and was released to parole supervision on September 15, 1966. On December 30, 1968, while on parole, appellant was again found guilty of Second Degree Burglary and was sentenced and committed to the Indiana State Reformatory for a period of not less than two (2) nor more than five (5) years.

The Indiana State Parole Board determined that the term of commitment of the sentence on April 7, 1964, expired on December 14, 1969, and therefore his present commitment did not commence until December 14, 1969.

Each of appellant's assignments of error revolves around the fact that appellant did not have a hearing before the Indiana Parole Board before the determination was made that his commitment on the last conviction would not commence until December 14, 1969.

Appellant's basic assertion is that his commitment to serve both sentences consecutively is invalid since he did not have a hearing before the Indiana Parole Board. To support his proposition appellant refers us to *Burns Ind. Stat. Anno.* § 13-1611 (1970 Supp.), which reads as follows:

13-1611 "Committing crime while on parole—Violation of parole—Hearing—Discharge—Any prisoner who commits a crime while at large upon parole and who is convicted and sentenced therefor may be required by the board to serve such sentence after the original sentence has been completed.

"Whenever a paroled prisoner is accused of a violation of his parole he shall be entitled to a hearing on such charges before the Indiana parole board under such rules and regulations as the Indiana parole board may adopt. If the Indiana parole board shall find that the prisoner has violated his parole it shall issue an order rescinding such parole but if they shall find that there has been no violation of the parole, it shall issue an order for his release from custody; but no such order of discharge shall be made in any case within a period of less than a year after the date of release on parole except that when the period of the maximum sentence provided by law shall expire at an earlier date, then a final order of discharge must be made and a certificate of discharge issued to the paroled prisoner not later than the date of expiration."

This statute was passed in 1961 and superseded a prior statute on the same subject, *Burns Ind. Stat. Anno.* § 9-2250 (1956 Repl.), which reads as follows:

"Paroled prisoner—Commission and conviction of crime—Sentence, when served.—Any prisoner who has been sentenced and committed to the Indiana State Prison, Indiana Women's Prison or the Indiana Reformatory, and has been released upon parole therefrom and while at large upon such parole said prisoner shall commit another crime and upon conviction thereof shall be sentenced anew to one of the

institutions named herein, said prisoner shall be subject to serve the second sentence after the first sentence is served or annulled and the second sentence is to commence from the termination of his or her liability upon the first or former sentence. (Acts 1947, ch. 62, sec. 1, p. 205)."

The most prominent distinguishing characteristic about these two statutes is that in the earlier statute a prisoner returning to prison, after commission of a crime, while on parole "shall be subject to serve the second sentence after the first is served or annulled," while in the later statute, § 13-1611, a prisoner who commits a crime, while on parole, "may be required" by the Indiana Parole Board to serve the second sentence after the first has been completed. The fact that the word "may" was used in the later statute means that the Parole Board has discretion to decide whether the second sentence should run concurrent with or consecutive to the completion of the first sentence. The exercise of discretion can only occur after consideration of the relevant facts and therefore a hearing as contemplated by § 13-1611 is necessary before the Parole Board can make a justifiable determination.

Furthermore, *Burns Ind. Admis. Rules and Regs. Anno.*, 13-1666-1, reads as follows:

(13-1611)-1. Disposition of parole violators.—All parole violators will appear before the parole board as soon as practicable after their return to the institution. At that time the board will establish the date for further consideration of the inmate's case or authorize immediate reinstatement to parole supervision or discharge. (Ind. Parole Bd. Rule 16, adopted June 28, 1962, filed August 9, 1962)."

This administrative rule requires an appearance by every parole violator before the Indiana Parole Board. This rule was adopted pursuant to *Burns Ind. Stat. Anno.* § 13-1609, which reads in pertinent part as follows:

"The Indiana parole board may adopt such other rules not inconsistent with law as it may deem proper or necessary, with respect to the eligibility of prisoners for parole, the conduct of parole hearings, or conditions to be imposed upon

parolees. Whenever an order for parole is issued it shall recite the conditions thereof."

The Indiana Parole Board is bound to follow the Administrative Rules and it is the duty of the court to give validity to these rules made within the board's jurisdiction. We find that it was error for appellant to be denied a hearing following his return to prison and therefore this case must be reversed.

Judgment of the trial court is reversed with directions to restate its findings of fact and conclusions of law in conformity with this opinion and enter judgment accordingly.

Givan, Hunter, Prentice, and DeBruler, JJ., concur.

NOTE.—Reported in 279 N. E. 2d 800.