JAMES RUSSELL *v*. GLENN DOUTHITT.

[No. 772S100. Filed December 28, 1973.]

· *Frederick J. McGrath*, of South Bend, *Harold R. Berk*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *A. Frank Gleaves, III*, for appellee.

ARTERBURN, C.J.—On January 11, 1973, in the above-entitled cause, we affirmed the judgment of the Trial Court which denied the Appellant a writ of habeas corpus. *Russell* v. *Douthitt* (1973), 259 Ind. 667, 291 N. E. 2d 361. Previously, Appellant had been convicted of second degree burglary and before the minimum sentence of two years was up, he was paroled and signed a parole agreement. At the habeas corpus hearing he claimed that his parole was illegally revoked without notice and without an opportunity for him to be heard and without his being represented by counsel.

In our written opinion we followed the Indiana law that a person having been convicted and out on parole has been given a privilege by the grace and indulgence of the state government. We further followed the statutory law of Indiana that at all times Appellant was technically in the custody

of the prison authorities even though on parole. IC 1971, 11-1-1-9 [*Burns Ind. Ann. Stat.* § 13-1609 (1972 Supp.)].

Nevertheless, the United States Supreme Court has held to the contrary and remanded this case to this Court "for further consideration in the light of *Gagnon* v. *Scarpelli* 411 U.S. 778 (1973)" which was decided May 14, 1973, after our opinion in this case.

We find that that case relied upon *Morrissey* v. *Brewer* (1972), 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593, in holding that a parolee is entitled to two hearings:

". . . one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision." *Gagnon* v. *Scarpelli* (1973), 411 U.S. 778 at 781, 36 L. Ed. 2d 656 at 661, 93 S. Ct. 1756 at 1759.

In the case before us, we draw from the evidence that the parolee admitted his parole violations when he was arrested. However, at the hearing he denied his admissions. Therefore, according to the context of the *Gagnon* opinion, undoubtedly probable cause existed for this original arrest. Admission certainly constitutes probable cause. However, we find in a consideration of the United States Supreme Court opinion that such minute detailed procedural steps are required that we must send this case back to the Trial Court with directions to determine whether or not these steps were followed. The United States Supreme Court has stated that the minimum requirements of due process upon charges of parole violations include:

"(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing con-

frontation) ; (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole." *Morrissey* v. *Brewer, supra,* 408 U.S. at 489, 33 L. Ed. 2d 484.

In our opinion this amounts to nothing less than a regular full-blown trial for a convicted parolee. We state these points specifically for the benefit of the Parole Board and Parole Officers in processing alleged parole violations.

Next we come to the contention that the Appellant should have had an attorney representing him. The *Gagnon* opinion states in one place:

> "We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a *case-by-case basis* in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary *in most revocation hearings,* there will remain certain cases in which fundamental fairness—the touchstone due process—will require that the State provide at its expense counsel for indigent probationers or parolees." (our emphasis) *Gagnon, supra,* 36 L. Ed. 2d at 666.

In our opinion these statements delude and only becloud the issue and create uncertainty as to what the law is. The law has always abhorred making decisions on a "case-by-case" basis. One of the most fundamental truths in the law is that the law should be settled and plain so that those subject to the law, and the litigants, may know what they may or may not do legally. Litigants ought not be subject to the jeopardy and liability of uncertainty which may remain until finally this Court or the United States Supreme Court decides the matter on a "case-by-case" basis, the decision depending on the personal thinking of those who happen to be judges at the time. In our opinion, "on a case-by-case basis" means that those involved in parole revocation

can take no other course than to appoint counsel in all cases and to have a full-blown trial for every alleged charge of parole violation. To us this is made manifest by the final part of the *Gagnon* opinion which states:

". . . Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency should also consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record." 36 L. Ed 2d at 666-7.

Subsequent to the remand of this case, Appellant filed a Petition For Oral Argument and a Motion To Enter Judgment For Plaintiff-Appellant on Remand From The United States Supreme Court. These are hereby overruled. Accordingly, this case is remanded to the Trial Court with directions that it hold a hearing as to whether or not the Appellant was entitled to have counsel at the parole board hearing and for determination as to whether or not all procedural steps were followed in conformity with the United States Supreme Court opinion, *Gagnon* v. *Scarpelli, supra.* If the court finds a lack in the respects indicated, then it shall reverse its judgment and grant the writ.

DeBruler, Givan, JJ., concur; Hunter, J., concurs in result with opinion in which Prentice, J., concurs.

### OPINION CONCURRING IN RESULT

HUNTER, J.—I would agree that judicial opinions sometimes are lacking in fundamental clarity—whether they be authored

by an Indiana state court or the highest court of our land. However, I do not interpret *Gagnon* v. *Scarpelli* as requiring a "full-blown trial" for a convicted parolee who faces parole revocation. In the exercise of judicial restraint, the Supreme Court has mandated a case-by-case approach to the issue before us. In my opinion, the Court in *Gagnon* v. *Scarpelli* dealt only with the limited due process right of a convicted probationer or parolee and did not deal with the right to counsel in a criminal prosecution. Therefore, each factual situation is to be examined on its own merits to ensure the fundamental fairness requirement of due process is satisfied. Consequently, the denial of counsel in parole revocation hearings does *not per se* affront the Constitution, so long as such denial is supported by a record which reflects that fundamental fairness was observed:

> ". . . Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. . . ." *Gagnon* v. *Scarpelli* (1973), 411 U.S. 778, 36 L. Ed. 656, 666.

I consider the *Gagnon* requirements neither intolerable nor unclear. Accordingly, I concur only with the result reached by the majority opinion. It is only for the reason that the majority opinion would require the assistance of counsel in all parole revocation hearings that I feel constrained to write this concurring opinion.

Prentice, J., concurs.

NOTE.—Reported in 304 N. E. 2d 793.