ROOSEVELT DAY *v.* STATE OF INDIANA.

[No. 2-773A152. Filed December 31, 1974.]

*Harriette Bailey Conn [Mrs.]*, Public Defender of Indiana, *Darrell F. Ellis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Larry C. Gossett*, Deputy Attorney General, for appellee.

SULLIVAN, P.J.—Petitioner-appellant (Day) brings this appeal following dismissal of his Petition for Post-Conviction Relief.

The pertinent factual background establishes the following:

On May 3, 1971, Day entered a plea of guilty to a charge of violation of IC 1971, 35-23-4-3, Ind. Ann. Stat. § 10-4736 (Burns 1956),[1] commonly referred to as the "1935 Firearms Act"; and, on May 21, 1971, received a ten year determinate sentence.

On March 21, 1972, Day filed a Petition for Post-Conviction Relief, which was supplemented and amended on April 27,

---

1. IC 1971, 35-23-4-1 to 17, Ind. Ann. Stat. §§ 10-4734 to 51 (Burns 1956) was repealed by Acts 1973, P.L. 333 § 5, and replaced by IC 1971, 35-23-4.1-1 *et seq.*, Ind. Ann. Stat. § 10-4751 *et seq.*

1972. Day's Supplemental Petition was framed in two legal paragraphs as follows:

> " '8 (e) Cruel and unusual punishment founded upon vindictive justice in violation of constitutional provisions.' "
>
> " '9 (e) The Department of Correction's policy is against allowing inmates to participate in any program for rehabilitation prior to eligibility for clemency, so that defendant is deprived of equal access to prison facilities for his betterment.' "

These two paragraphs constitute the basis of this appeal. The essence of Day's contention is that the Department maintains a policy disallowing inmate participation in certain rehabilitation programs, e.g., auto body, bricklaying, upholstery, etc.; until the inmate has been incarcerated for a specified period, i.e., 30 months and 42 months.

On May 18, 1972, Day filed a Motion to Join Additional Parties, which named the Indiana Department of Correction, Robert Heyne, the Commissioner of Correction, the Indiana Parole Board, and the Clemency Commission.

The Indiana Attorney General, after being ruled to answer both the post-conviction petition and the Motion to Join Additional Parties, filed, on July 27, an answer asserting that the trial court lacked subject-matter jurisdiction and that paragraphs 8 (e) and 9 (e) failed to state a claim upon which relief could be granted.

On December 27, 1972, the trial court, following an evidentiary hearing, sustained the State's motion to dismiss and denied the Petition for Post-Conviction Relief.

The only issue for consideration[2] is whether the trial court, in a post-conviction relief context, had subject-matter jurisdiction to entertain prisoner complaints on the conditions of confinement.

---

2. Day has waived the remaining contentions as found in his Petition, by his failure to assert such issues in the Motion to Correct Error, and to present legal argument or citation in his appellate brief. *Beech v. State* (1974), 162 Ind. App. 287, 319 N.E.2d 678.

The scope of Post-Conviction Relief, Rule 1 is elucidated in Section 1, as follows:

"SECTION 1. Remedy-To whom available-Conditions.

(a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:

(1) That the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state;

(2) that the court was without jurisdiction to impose sentence;

(3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous;

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy;

may institute at any time a proceeding under this rule to secure relief.

(b) This remedy is not a substitute for a direct appeal from the conviction and all available steps including those under Post-Conviction Remedy Rule 2 should be taken to perfect such an appeal. *Except as otherwise provided in this rule, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and it shall be used exclusively in place of them. This rule supersedes present Supreme Court Rules 2-40, 2-40A, and 2-40B.*

(c) *This rule does not suspend the writ of habeas corpus, but if a petitioner applies for a writ of habeas corpus, in the court having jurisdiction of his person, attacking the validity of his conviction or sentence, that court shall under this rule transfer the cause to the court where the petitioner was convicted or sentenced, and the latter court shall treat it as a petition for relief under this rule.*" (Emphasis supplied).

A literal reading of the rule, and the decisional law thereunder, indicates that the post-conviction relief rules do not envision attacks on the conditions of incarceration; but, rather, provide a remedial avenue for "attacking the *validity of . . .* [the] *. . . conviction or sentence*". *Thurman* v. *State* (1974), 162 Ind. App. 576, 320 N.E.2d 795. *See, e.g., Evans* v. *State* (1973), 261 Ind. 148, 300 N.E.2d 882; *Langley; Richardson* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538. *See also* ABA Standards Relating to Post Conviction Remedies, Approved Draft § 2.1 (1968). In *Langley, supra,* the court stated:

> "In the name of justice and fair play this court, through its promulgation of our post conviction remedy rules and by case decision, has sought to insure that each defendant will have an avenue available by which he may challenge on appeal the correctness of his conviction." 267 N.E.2d at 540.

Day relies upon *Alcorn* v. *State* (1972), 258 Ind. 185, 279 N.E.2d 800 and *Anderson* v. *State* (1973), 157 Ind. App. 440, 300 N.E.2d 674 for the proposition that the trial court, in a post-conviction setting, has jurisdiction to review Parole Board determinations. *Alcorn* and *Anderson,* however, are inapposite. Both cases involved IC 1971, 11-1-1-11 (Burns Code Ed.) which allows the Parole Board to determine if a parolee, subsequently convicted and sentenced for a crime committed while on parole, is to serve the remaining portion of the prior sentence concurrently with or consecutively with the new sentence. The *Alcorn* and *Anderson* decisions required the Parole Board to hold a hearing before making such determination. However, *Alcorn* and *Anderson* are clearly distinguishable from the present case in that Day is not here alleging error or impropriety in either his conviction or his sentence. He complains only of certain Department of Correction policies which relate to his incarceration as opposed to his conviction or sentence. The trial court—a criminal court—under the circumstances here pre-

sented, did not have jurisdiction of the subject-matter sought to be litigated, and properly dismissed the action.

However, in so holding, we do not express opinion either as to the merits of Day's contention, or with respect to the availability of other remedies. *See, e.g., Goldstein* v. *Daly, Warden* (1935), 209 Ind. 16, 197 N.E. 890; *Roberts* v. *State* (1974), 159 Ind. App. 456, 307 N.E.2d 501.

Judgment affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 320 N.E.2d 827.