DAVID W. WHITE *v.* STATE OF INDIANA.

[No. 2-175A5. Filed October 6, 1975.]

*J. E. Holwager, Holwager & Harrell,* of Beech Grove, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Assistant Attorney General, for appellee.

PER CURIAM—The defendant, David W. White, is appealing his conviction for the crime of theft.[1] He was sentenced to a term of imprisonment of not less than one nor more than ten years.

We affirm.

On June 11, 1974, an information was filed charging White with exerting unauthorized control over a 1964 Chevrolet station wagon owned by Edward Dreyling. Trial was held without a jury on August 30, 1974. White was found guilty as charged. White raises two issues on this appeal: (1) Was the verdict of the court sustained by sufficient evidence? (2) Was the verdict of the court contrary to law? These issues have been argued as one since substantially the same question of law is raised by both. Ind. Rules of Procedure, Appellate Rule 8.3 (A) (1).

The facts viewed most favorably to the State reveal that Jed E. Jones, an Indianapolis police officer, was on patrol on the evening of April 30, 1974, at approximately 9:30 P.M.,

1. IC 1971, 35-17-5-3, Ind. Ann. Stat., § 10-3030 (Burns Supp. 1974).

in the 1800 block south on Meridian Street in Indianapolis, Indiana, when he observed a 1964 Chevrolet station wagon traveling south on Meridian without headlights or taillights operating. After a short pursuit, Jones stopped the station wagon and its driver and sole occupant, the defendant White, exited from the vehicle and approached Jones' police car. Then, after Jones told White to come around to his side of the police car, White attempted to flee on foot but was pursued and caught by Jones. Jones subsequently ran a radio check on the station wagon and discovered that the vehicle had been stolen.

White contends that inconsistencies and improbabilities in Jones's trial testimony support White's defense, asserted below, that another person was driving the stolen vehicle at the time of his arrest, and that he had been picked up hitch-hiking by this person moments prior to his arrest. White in effect is asking this Court to reweigh the evidence and consider the credibility of the arresting officer. This we cannot do. It is well established that this Court on appeal will not make an independent determination as to the weight of the evidence or the credibility of the witnesses but instead will consider only that evidence most favorable to the verdict and the reasonable inferences which may be drawn therefrom. *Linnemeier* v. *State* (1975), 165 Ind. App. 31, 330 N.E.2d 373; *Lynch* v. *State* (1975), 163 Ind. App. 360, 323 N.E.2d 661; *Fletcher* v. *State* (1975), 163 Ind. App. 286, 323 N.E.2d 261. Viewing the evidence in this light, testimony of the arresting officer clearly establishes that White was the driver and sole occupant of the stolen vehicle at the time of his arrest.

An additional issue has been raised for the first time on appeal. A document entitled, "Order of Waiver of Jurisdiction" which appears in the trial court file, is speculatively claimed to have had a prejudicial effect upon the trier of facts because of juvenile offenses listed

on the document which allegedly were committed by White. However, the document was not objected to at trial or presented as objectionable in the motion to correct errors, and therefore the issue must be deemed to be waived. TR. 59 (G) ; *Tillman* v. *State* (1975), 163 Ind. App. 563, 325 N.E.2d 509; *Day* v. *State* (1974), 162 Ind. App. 693, 320 N.E.2d 827, 828 n.2; *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827.

Judgment affirmed.

NOTE.—Reported at 335 N.E.2d 248.