LEO D. JENKINS, WARDEN, INDIANA STATE PRISON ET AL. *v.* TERRY HARVEY

[No. 3-1175A244. Filed August 17, 1977. Rehearing denied September 22, 1977.]

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellants.

*Harriette Bailey Conn,* [*Mrs.*], Public Defender of Indiana, *Peter W. Bullard,* Deputy Public Defender, for appellee.

GARRARD, J.—In November, 1967, appellant Harvey was granted parole from an indeterminate sentence of 2-5 years for second degree burglary. While on parole he was convicted of armed robbery and sentenced to a term of eighteen years. He was returned to prison where the parole board determined the sentences should be served consecutively. In December, 1969, he was granted a parole discharge to commence service of the second sentence. He subsequently sought relief asserting that he had been denied a meaningful hearing on the determination that his sentences should be served consecutively. The trial court found that upon his return to prison he had promptly appeared before the parole board but the matter had been continued. The court further found that when he subsequently appeared before the board, the decision was made that the sentences should be served consecutively without affording Harvey any opportunity to be heard before the board exercised its discretion. The evidence supports that finding. The court granted relief and ordered that Harvey be given credit on his second sentence for all time served from the date the sentence for that offense was imposed.

The critical issue appealed by the state arises from the fact that the operative events occurred prior to the decisions in *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484; and *Alcorn v. State* (1972), 258 Ind. 185, 279 N.E.2d 800.

Prior to the decision in *Morrissey* it was the view in this state (and many jurisdictions) that a convict was in custody during the term of his sentence and that parole was a matter of administrative grace not subject to court review. *See, e.g., Terry v. Byers* (1903), 161 Ind. 360, 68 N.E. 596. In *Morrissey* the Court determined that the convict and society had a sufficient interest in parole status to invoke the requirements of due process in parole revocation proceedings. However, admitting its decision was a step forward, the Court determined that it should apply prospectively. *See, Berry v. State* (1974), 162 Ind. App. 626, 321 N.E.2d 207 for a consideration of three factors employed in Indiana in making such a determination.

We agree that *Morrissey* should apply prospectively. Furthermore, in the absence of statute or prior interpretation, due process dictates essential fairness rather than a detailed enumeration of procedures to be employed. Thus, the specific requirements evolving from the *Morrissey* determination may have prospective limitations. *See, Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656; *Russell v. Douthitt* (1974), 261 Ind. 428, 304 N.E.2d 793. To this extent Harvey was not entitled to relief on the basis of *Morrissey* and its progeny.

However, *Morrissey* was not the basis for the court's decision in *Alcorn v. State* (1972), 258 Ind. 185, 279 N.E.2d 800. In *Alcorn* the parole board had also determined that a convict's sentence for a crime committed while the convict was on parole should be served consecutively. It had conducted no hearing prior to making that decision. However, at the time the decision was made a statute, now IC 1971, 11-1-1-11 (Burns Code Ed.) provided:

> "Any prisoner who commits a crime while at large upon parole and who is convicted and sentenced therefor may be required by the board to serve such sentence after the original sentence has been completed.
>
> *Whenever a paroled prisoner is accused of a violation of his parole he shall be entitled to a hearing on such charges before the Indiana parole board under such rules and regulations as*

*the Indiana parole board may adopt.* If the Indiana parole board shall find that the prisoner has violated his parole it shall issue an order rescinding such parole but if they shall find that there has been no violation of the parole, it shall issue an order for his release from custody; but no such order of discharge shall be made in any case within a period of less than a year after the date of release on parole except that when the period of the maximum sentence provided by law shall expire at an earlier date, then a final order of discharge must be made and a certificate of discharge issued to the paroled prisoner not later than the date of expiration of the said maximum sentence." (Emphasis added)

Upon the basis that this statute changed prior law and made imposition of the requirement for consecutive service of a sentence permissive, the court held that the *statute* afforded Alcorn the right to a hearing before the decision was made that he serve his sentences consecutively.

That statute was applicable to the proceedings herein, and Harvey was entitled to a "hearing." We need not attempt to examine herein the choices available to the board to adequately comply with the statutory requirement. The *sine qua non* of a hearing is the opportunity to be heard. Assuming absolute discretion on the part of the board to determine whether Harvey should serve his sentences consecutively or concurrently, the requirement of a hearing imposed the duty to afford Harvey the opportunity to be heard. He was entitled to present his position, whether it was one of denial, explanation, mitigation or merely supplication.

Therefore, the court correctly determined that the board determination was improper. However, we disagree with the court's determination that this required it to order that the sentences be treated as having run concurrently. Ordinarily, the court may not usurp the discretion vested in the board. *See, State v. Jeffers* (1976), 168 Ind. App. 284, 342 N.E.2d 681. While some decisions have permitted reviewing courts to act affirmatively where that is the only means of effecting a remedy, no such showing was made in this case.

We therefore affirm the determination that Harvey was denied a hearing as required by IC 1971, 11-1-1-11, but order the case

remanded to the parole board for further proceedings consistent herewith.

Cause remanded.

Staton, P.J. and Hoffman, J. Concur.

NOTE—Reported at 367 N.E.2d 1.