70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Freddie O. GOSS, Petitioner-Appellant,
v.
Daniel R. McBRIDE and Indiana Attorney General, Respondents-Appellees.
 No. 95-1567.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1995.*
Decided Nov. 15, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judge.
 
 ORDER
 
 1
 Petitioner Freddie O. Goss filed a petition for habeas corpus, 28 U.S.C. Sec. 2254, alleging that his parole had been improperly revoked. The district court dismissed the petition, without prejudice, for failure to exhaust state remedies. We affirm.
 
 FACTS
 
 2
 On December 18, 1987, an Indiana state court sentenced Goss to ten years' imprisonment for armed robbery. He was paroled on December 5, 1992. On September 12, 1994, his parole was revoked on the grounds that he failed to get permission to leave the state before a trip to Illinois, failed to report to a meeting with his parole officer, and failed to report a change of residence. His sanction was to serve the remainder of his sentence. Goss filed a petition for habeas corpus on the grounds that his parole was illegally revoked because the alleged violations were false, that his plea of guilty to the violations was not voluntary, and that the revocation improperly resulted in a "double sentence." The district judge concluded that Goss failed to exhaust his state remedies and dismissed the petition without prejudice.
 
 
 3
 On appeal, Goss maintains that he is entitled to relief because the allegations regarding his parole violations were false and that there are no available state remedies.
 
 ANALYSIS
 
 4
 Failure to exhaust all available state remedies bars consideration of a prisoner's petition for habeas corpus. Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir.1995); Verdin v. O'Leary, 972 F.2d 1467, 1472 (7th Cir.1992). Indiana provides a post-conviction remedy for persons who maintain that their parole was unlawfully revoked. See Burns Ind.P.C. 1 Sec. 1(a)(5). See also Hawkins v. Jenkins, 268 Ind. 137, 374 N.E.2d 496 (1978); Russell v. Douthitt, 261 Ind. 428, 304 N.E.2d 793 (1973).
 
 
 5
 In his initial petition, Goss conceded that he had not challenged the parole revocation in the Indiana courts, and he stated that he intended to do so. (Record # 3, Petition at 7). After the filing of the petition, Goss has attempted to show that he did exhaust his state law remedies. None of the proceedings he refers to have anything to do with the revocation of his parole. His "Petition for Discharge" was directed solely at his underlying conviction. (Record # 12, Exhibit B). His "praecipe" sought only the production of documents, and it did not refer to the revocation proceeding. (Record # 12, Exhibit D).[1] Goss has failed to exhaust state remedies because he has not challenged the parole revocation in state court.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The state trial court, in denying the request for documents, seemed to indicate that it believed that the "praecipe" was an additional challenge to the underlying conviction. (Goss' Brief, Exhibit I)