STATE OF INDIANA *v.* GARLAND JEFFERS.

[No. 3-1273A179. Filed March 4, 1976. Rehearing denied April 15, 1976. Transfer denied June 23, 1976.]

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellant.

*Max Cohen,* of Gary, for appellee.

GARRARD, J.—In 1971, Garland Jeffers was granted parole on a two to fourten year sentence imposed in 1968. In the summer of 1972, Jeffers was charged with violating the conditions of his parole by frequenting a questionable resort and associating with bad companions. On August 23, 1972, the Lake County senior parole officer conducted a hearing, found there was probable cause to believe that Jeffers had been frequenting a questionable resort, and in compliance with IC 1971, 11-1-1-11, recommended a hearing on parole violation before the parole board.

Immediately thereafter, Jeffers' attorney requested that the parole board conduct this hearing pursuant to the mandates established in *Morrissey* v. *Brewer,* 408 U.S. 471, which had been decided June 29, 1972.

Jeffers was returned to the reformatory on September 12, 1972, but was apparently returned to Lake County on September 22, 1972. He was then let to bail pending hearing before the parole board.

On February 13 or 14, 1973, he was again returned to the reformatory for hearing on February 16. On the 16th, the parole board revoked Jeffers' parole. Jeffers then filed a supplemental petition for post-conviction relief pursuant to Indiana Rules of Procedure, Post-Conviction Remedy Rule 1 to assert that the hearing failed to meet the due process requirements recognized in *Morrissey.*[1]

The transcript of the parole board proceeding of February 16 discloses that no witnesses were examined other than Jeffers. Although the record discloses that he was asked whether he had been at the residence alleged to have been a "questionable resort," no evidence was introduced as to why it was "questionable." In fact, it appears from the tran-

---

1. The matters raised in the original PCR 1 petition are not germane to this appeal.

script that the parole board apparently considered that his guilt had already been determined.[2]

After a hearing on the post-conviction petition, the trial court found that there was no competent evidence adduced to support the finding that the house was a questionable resort and that Jeffers had been denied due process.

We limit our consideration to the three issues presented by the attorney general on appeal.

It is first argued that the trial court had no jurisdiction to review the questions relating to the revocation of Jeffers' parole.

PCR 1, § 1 provides in part:

"(a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:

 &ast; &ast; &ast;

(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

 &ast; &ast; &ast;

may institute at any time a proceeding under this rule to secure relief.

(b) . . . Except as otherwise provided in this rule, it comprehends and takes the place of all other common law statutory or other remedies heretofore available for challenging the validity of the conviction or sentence and it shall be used exclusively in place of them. . . ."

(c) This rule does not suspend the writ of habeas corpus, but if a petitioner applies for a writ of habeas corpus, in the court having jurisdiction of his person, attacking the validity of his conviction or sentence, that court shall

---

2. The transcript discloses the following during the hearing and before the board voted.

"A. Yes, I still don't understand this. There was no one in the house but my wife and kids. What the police said was proven not true.

Q. We determined this was true.

A. How did you come to this decision? I feel you are taking advantage of me. All I know is they threw it out of court. I don't feel like this is fair.

Q. We spent a lot of time going over this. You have 2-14 years by the court. You have done much over the minimum but you still have this 14 years and it is our feeling and finding that you have not adjusted to parole supervision."

under this rule transfer the cause to the court where the petitioner was convicted or sentenced, and the latter court shall treat it as a petition for relief under this rule."

It is urged that PCR does not replace the traditional remedy of habeas corpus as a method of challenging a defendant's unlawful incarceration. Within the traditional areas where habeas corpus applies, we agree. However, we do not agree, as the state contends, that habeas corpus must therefore be deemed the exclusive remedy for attacking an illegal restraint.

The post-conviction rules expressly provide for review of a claim that a parole has been unlawfully revoked. The Attorney General cites no authority for the proposition that the post-conviction rules may not supply an alternative or additional remedy where a parole has been unlawfully revoked, nor have we found any.

The state argues that it would be more convenient to conduct such a hearing in the county where the records are maintained, as would normally be the case in a habeas corpus proceeding. It also points out that while it is the local prosecuting attorney's duty to represent the state in post-conviction proceedings, it is the function of the attorney general's office to represent the parole board. We do not believe these considerations necessitate a result contrary to the plain language of the rule. Accordingly, we hold the court had jurisdiction to consider the claim.

The state next urges that the court erred in considering evidence other than the record of the proceeding before the parole board. It is argued that since the record of the revocation proceeding clearly shows sufficient evidence to support the board's decision, the court must have relied improperly upon other evidence produced at the post-conviction hearing. The fault with this argument lies in the major premise. Conceding that under the requirements of *Morrissey* and the Court's subsequent decision in *Gagnon* v. *Scarpelli* (1973), 411 U.S. 778, the parole board may properly con-

sider as evidence items which do not meet the requirements for admissibility in a criminal prosecution, and that an adequate basis for the board's determination may rest upon the admissions of the defendant, the record of the parole proceeding in the case at bar is fatally defective. While Jeffers admitted visiting the house, he repeatedly disputed that it was a "questionable resort," and no evidence whatever was introduced at the hearing to establish anything "questionable" about it.[3] Thus, upon the transcript of the proceeding, the court necessarily found as it did.

In granting relief, the court directed that Jeffers be released and that he be reinstated on parole. The state argues that the court should have directed a return to custody with instructions that a proper hearing be conducted within a reasonable time.

PCR 1, § 6 provides that when the court finds in favor of the petitioner it shall enter an appropriate order with respect to the conviction or sentence and any supplementary orders as to arraignment, retrial, custody, bail, discharge, correction of sentence, or other matters that may be necessary and proper.

Jeffers was entitled to have the order revoking his parole set aside, and it does not appear that the court abused its discretion in permitting Jeffers to be returned to parole status pending any further proceedings. We do not read the order as prohibiting the parole board from conducting a proper revocation proceeding within a reasonable time upon the matters alleged in this charge. To the extent the order might be interpreted to the contrary, pursuant to Rule AP. 15(M), it is hereby modified to conform to the views expressed herein.[4]

---

3. We need not decide whether "frequenting a questionable resort" is a sufficiently specific charge to meet the requiremnts of due process. However, we note that a revocation proceeding is not a criminal prosecution and the strict standards applicable to prosecutions do not control.

4. Because of the limited questions presented for review in this appeal and the fact that the events referred to undoubtedly occurred be-

Affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 342 N.E.2d 681.

fore the parole board had considered its procedures in light of *Morrissey,* we have not discussed in detail the due process requirements for parole revocation proceedings. These requirements are considered in *Morrissey; Gagnon* v. *Scarpelli* (1973), 411 U.S. 778; and *Russell* v. *Douthitt* (1974), 261 Ind. 428, 304 N.E.2d 793.