THE STATE OF INDIANA ON THE RELATION OF
ROBERT RAINES, SUPERINTENDENT *v.* THE MADISON COUNTY
SUPERIOR COURT, ROOM NO. 3, AND THE
HONORABLE THOMAS NEWMAN, JR.

[No. 1277S816. Filed July 7, 1978.]

*Theodore L. Sendak,* Attorney General, *Donald P. Bogard,* Chief Counsel, for relator.

*Steven D. Allen, Stephen W. Dillon,* of Indianapolis, for respondent.

GIVAN, C.J.—On March 19, 1976, Harold Smith was convicted of armed robbery and was sentenced to a determinate term of 15 years. He was paroled on September 7, 1977. Subsequent to his parole the Indiana Department of Correction discovered that documents relating to his time served had been altered and that he had served approximately one thousand (1,000) days less on his conviction than his records indicated. A warrant was issued to retake Smith and a hearing officer conducted a hearing on November 18, 1977. The officer remanded Smith to the Indiana Reformatory and a full hearing of the Parole Board was scheduled on the matter for December 16.

On November 30, 1977, Smith filed a petition for a writ of habeas corpus in the Madison Superior Court. The court ruled in Smith's favor on December 15. On learning of the ruling, the State sought an emergency writ of mandate and prohibition from this Court. An emergency writ was granted on December 16. On December 20, an oral argument was held and a temporary writ issued by the full Court.

Relator first contends the trial court had no jurisdiction over this cause. He relies upon PC. 1, Sec. 1(c), to support his argument that the trial court could assume jurisdiction only for the purpose of transferring the cause to the court of conviction, the Marion Criminal Court. PC. 1, Sec. 1(c), provides that, ". . . if a petitioner applies for a writ of habeas corpus, in the court having jurisdiction of his person, attacking the validity of his conviction or sentence, that court shall under this Rule transfer the cause to the court where the petitioner was convicted or sentenced. . . ." The rule applies only where the petitioner effects a collateral attack upon his conviction or sentence. *Hawkins* v. *Jenkins*, (1978) 268 Ind. 137, 374 N.E.2d 496. Here, as in *Hawkins*, petitioner challenges the action of the Parole Board in revoking his parole. The trial court therefore properly assumed jurisdiction and was under no duty to transfer the cause to the court of conviction.

The statute vesting the Parole Board with the authority to retake parolees is IC § 11-7-1-4 [Burns 1973]:

"If the agent and warden of the prison from which such prisoner was paroled, or said board or any member thereof, shall have reasonable cause to believe that the prisoner so on parole has violated his parole and has lapsed or is probably about to lapse into criminal ways or company, then such agent and warden or said board, or any member thereof, may issue his warrant for the retaking of such prisoner, at any time prior to the maximum period for which such prisoner might have been confined within the prison walls upon his sentence, which time shall be specified in such warrant."

The trial judge interpreted this statute to allow the Parole Board to retake a prisoner only where (1) he has violated his parole, or (2) he has lapsed or is about to lapse into criminal ways or company. Since the State had not adduced evidence showing the existence of either a parole violation or criminal tendencies, the court held that the Parole Board had no authority to retake Smith.

We have no occasion to pass upon this interpretation of the statute. The statute is inoperative in the case at bar. If the Board's determination of parole is based on false records, the parole must of necessity be deemed void *ab initio*. To hold otherwise would be to permit a prisoner to benefit from the falsification of official records. Since Smith's parole was void *ab initio,* the only valid record concerning Smith was his commitment to the Indiana Reformatory. It was the duty of the Reformatory officials to arrest Smith and return him to the institution to serve his time pursuant to the mandate of that commitment. The trial court had no authority to interfere with that duty.

The temporary writ of mandate and prohibition is hereby made permanent.

Hunter, Pivarnik and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DEBRULER, J.—In the Madison Superior Court the prisoner Harold Smith filed his application for writ of habeas corpus, alleging that he was being illegally detained in Madison County in the state reformatory upon a warrant issued by the Indiana Parole Board awaiting a parole revocation hearing. On December 7, 1977, relator here filed his return to the writ and a trial was held resulting on December 15, 1977, in an order that Smith be released from physical custody and reinstated upon parole. Relator has presented two legal arguments in support of his claim that the trial court has acted without jurisdiction. He contends that the court exercised jurisdiction forbidden it by Ind. Code § 34-1-57-13 (Burns 1973), which provides:

> "No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following:
>
>        \*     \*     \*
>
> Second. Upon any process issued on any final judgment of a court of competent jurisdiction. . . ."

Here Smith did not challenge the legality of any judgment or process issued by any court nor seek discharge from his original commitment and therefore this argument of relator is without foundation.

The second legal argument is that the Madison Superior Court was without jurisdiction because of its duty to transfer the case to the Marion Criminal Court pursuant to the command of Ind. R.P.C. 1, § 1 (c) which provides:

> "[I]f a petitioner applies for a writ of habeas corpus, in the court having jurisdiction of his person, attacking the validity of his conviction or sentence, that court shall under this rule transfer the cause to the court where the petitioner was convicted or sentenced."

Here no duty to transfer was imposed upon the Madison Superior Court because Smith had not launched an attack upon

his conviction or sentence. *Hawkins* v. *Jenkins*, (1978) 268 Ind. 137, 375 N.E.2d 496.

I must therefore conclude that relator has failed in his burden to demonstrate that the trial court acted without jurisdiction, and I would dissolve the temporary writ and deny a permanent one.

NOTE.—Reported at 377 N.E.2d 1343.