Archie PARKER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A04–0407–CR–396.

Court of Appeals of Indiana.

Feb. 15, 2005.

Archie Parker, Appellant Pro Se.

## OPINION

BARNES, Judge.

### Case Summary

Archie Parker appeals the parole board's reinstatement of the balance of his sentence. We affirm.

### Issue

Parker raises one issue, which we restate as whether the trial court properly reinstated the balance of his sentence when it revoked his parole.

### Facts

On December 3, 1999, Parker pled guilty to Class B felony dealing in cocaine and Class D felony possession of cocaine. Pursuant to the plea agreement, the trial court sentenced Parker to seven years in the Department of Correction ("DOC") on the dealing charge and three years on the possession charge. The trial court ordered the possession charge to be served consecutive to the dealing charge.

On September 6, 2002, Parker was released from the DOC. On January 13, 2004, Parker's parole was revoked because he was convicted of Class D felony operating a vehicle after being adjudged an ha-

bitual traffic offender, Class C misdemeanor battery, and had urine screens that were positive for cannabinoids and cocaine. The parole board concluded that Parker "[b]e assessed the balance of his sentence." Appellant's App. p. 23.

On June 23, 2004, Parker filed a verified petition for writ of habeas corpus, which the trial court subsequently denied. Parker now appeals.

## Analysis

■ Initially, we note the that State failed to file an appellee's brief. Under such circumstances, a less stringent standard of review applies and Parker need only establish prima facie error, which is error at first sight, on first appearance, or on the face of it. *State v. Suggs*, 755 N.E.2d 1099, 1102 (Ind.Ct.App.2001). This rule is not intended to benefit the appellant; it is intended to relieve this court of the burden of controverting the arguments advanced for reversal. *Id.*

■ Indiana Post–Conviction Relief Rule 1(c) provides that the rules do not suspend the writ of habeas corpus, but if a petitioner applies for a writ of habeas corpus attacking the validity of a conviction or sentence the trial court shall treat it as a petition for relief under the Post–Conviction Relief Rules. Because Parker is challenging the sentence imposed by the parole board, we will treat his petition for writ as if it was a petition for post-conviction relief. *See Wickliffe v. State*, 719 N.E.2d 822, 823 (Ind.Ct.App.1999) (applying Post–Conviction Relief Rules to petition for habeas corpus challenging conviction and sentence); *but see Hannis v. Deuth*, 816 N.E.2d 872, 875 (Ind.Ct.App. 2004) (applying general judgment standard to petition for habeas corpus challenging sentence imposed upon the revocation of probation).

On appeal from the denial of post-conviction relief, we will reverse a post-conviction court's decision only where the evidence " 'is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion.' " *Thomas v. State*, 797 N.E.2d 752, 754 (Ind.2003) (citation omitted). Parker contends that he was "turned over" from his seven-year sentence for dealing in cocaine on September 10, 2001, and that on that date he began serving the three-year sentence for possession of cocaine. He argues that when the parole board ordered him to serve the balance of his sentence, it ordered him to serve the balance of the dealing sentence. Parker asserts that this was improper because when he was "turned over," the dealing sentence was effectively discharged and could not be reinstated upon the revocation of his parole.

■ Parker relies on *Meeker v. Indiana Parole Board*, 794 N.E.2d 1105 (Ind.Ct. App.2003), *trans. denied*, in which Meeker was ordered to serve two dealing convictions concurrently in 1991. *Id.* at 1106. In 1995, Meeker was released on parole. *Id.* In 1996, Meeker's parole was revoked after he was convicted of several alcohol related offenses, and he was ordered to serve the balance of the two dealing sentences. *Id.* at 1107. In 1998, the parole board decided Meeker should be "turned over" to serve the sentences on the alcohol related offenses. *Id.* In 2000, Meeker was released on parole again. *Id.* The 1991 convictions were used as the basis of the parole. *Id.* In 2001, the parole board again revoked Meeker's parole and reinstated the remaining sentences on the 1991 dealing convictions. *Id.* Meeker appealed, and we concluded, "the parole board could not effectively suspend Meeker's parole on one set of sentences until after he

served the sentences on the other unrelated convictions." *Id.* at 1108.

Although Parker likens the facts of his case to the facts in *Meeker,* they are markedly different. Unlike Meeker, Parker did not have his parole revoked after having been paroled twice on the same convictions. More importantly, however, Meeker was clearly "turned over" to another sentence immediately by the parole board. *Id.* at 1109. We construed the "turn over" language against the State and concluded that under the facts of the case the parole board effectively discharged him from the remainder of the dealing sentences. *Id.* Here, however, contrary to his assertion, there is no indication that Parker was ever "turned over" by the parole board. Parker cites to a computer printout titled "Offender Information System Sentence Summary," which lists his three convictions, the sentences imposed, and several dates. Appellant's App. p. 28. The form also includes many abbreviations and what appear to be internal notations. It is unclear whether the parole board, the DOC, or some other agency processed this form. What is clear, however, is that this form does not contain "turn over" or any similar language. Accordingly, this case is distinguishable from *Meeker.*

The case is much more similar to *Hannis,* in which the defendant was sentenced to eight years on one conviction and two years on several convictions. *Id.* at 873. The trial court ordered the two-year sentences to run concurrent with one another but consecutive to the eight-year sentence. *Id.* On November 22, 1999, Hannis was "turned over" to begin serving the two-year sentences. *Id.* On August 24, 2000, Hannis was paroled with a maximum expiration of sentence date of November 22, 2001. *Id.* On May 17, 2001, the parole board revoked his probation and reinstated the remainder of the eight-year sentence. *Id.*

On appeal we distinguished *Hannis* from *Meeker* on the ground that *Meeker* dealt with two unrelated convictions, not a single judgment. *Id.* at 879. We also recognized that Meeker was effectively discharged when he was "turned over" from the dealing convictions to the new convictions. In *Hannis,* however, the only evidence of a "turn over" was a document prepared by the DOC. There was no evidence that the *parole board* discharged his sentence as required by Indiana Code Section 35–50–6–1(b).[1] *Id.*

---

1. Indiana Code Section 35–50–6–1 provides:
   (a) Except as provided in subsection (d), when a person imprisoned for a felony completes his fixed term of imprisonment, less the credit time he has earned with respect to that term, he shall be:
   (1) released on parole for not more than twenty-four (24) months, as determined by the parole board;
   (2) discharged upon a finding by the committing court that the person was assigned to a community transition program and may be discharged without the requirement of parole; or
   (3) released to the committing court if his sentence included a period of probation.
   (b) Except as provided in subsection (d), a person released on parole remains on parole from the date of his release until his fixed term expires, unless his parole is revoked or he is discharged from that term by the parole board. In any event, if his parole is not revoked, the parole board shall discharge him after the period set under subsection (a) or the expiration of the person's fixed term, whichever is shorter.
   (c) A person whose parole is revoked shall be imprisoned for the remainder of his fixed term. However, he shall again be released on parole when he completes that remainder, less the credit time he has earned since the revocation. The parole board may reinstate him on parole at any time after the revocation.
   (d) When an offender (as defined in IC 5–2–12–4) completes the offender's fixed term of imprisonment, less credit time earned with respect to that term, the offender shall be

Like Hannis, there is no evidence that the parole board discharged, or even "turned over," his sentence. Accordingly, Parker has not made a prima facie showing that the trial court erred.

### Conclusion

Because *Meeker* is distinguishable, and Parker has not established that the parole board discharged or "turned over" his sentence, the trial court properly denied his motion. We affirm.

Affirmed.

MAY and DARDEN, JJ., concur.

placed on parole for not more than ten (10)       years.