David Wayne MILLS, Appellant–
Petitioner,

v.

STATE of Indiana, et al., Appellee–
Respondent.

No. 52A02–0506–CV–573.

Court of Appeals of Indiana.

Jan. 10, 2006.

David Wayne Mills, Bunker Hill, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

SHARPNACK, Judge.

David Wayne Mills appeals the trial court's denial of his petition for writ of habeas corpus. Mills raises four issues, which we consolidate and restate as whether the trial court erred by granting the State's motion for summary disposition of Mills's petition for writ of habeas corpus. We affirm.

The relevant facts follow. On April 27, 1999, Mills was sentenced to eight years in the Indiana Department of Correction with 164 days of credit time for a conviction of burglary as a class C felony. On May 11, 1999, Mills was sentenced to one year in the Indiana Department of Correction for a conviction of failure to appear as a class D felony. His sentence for the failure to appear conviction was to be served consecutive to his sentence for the burglary conviction. Mills started serving his one-year sentence for failure to appear on Septem-

ber 14, 2002. Mills was then released from prison on February 14, 2003.

On July 12, 2003, Mills was arrested for battery on a healthcare worker as a class D felony, although this charge was later dismissed. As a result of the criminal charge, a parole violation report was filed on July 17, 2003, alleging that Mills had violated his parole by engaging in criminal conduct. An addendum to the parole violation report was filed on July 25, 2003, alleging that Mills had moved without permission and that Mills had failed to report. A warrant for Mills's arrest was issued, and on August 20, 2003, Mills was arrested for resisting law enforcement, possession of stolen property, and attempted battery on a law enforcement officer.

The Indiana Parole Board ("Board") scheduled a preliminary hearing on Mills's alleged parole violations for August 29, 2003, and Mills waived his preliminary hearing and pleaded guilty to moving without permission and failing to report. On January 20, 2004, Mills also pleaded guilty to resisting law enforcement as a class D felony and was sentenced to two and one-half years in the Indiana Department of Correction with 154 days of credit time. A parole revocation hearing was held on March 16, 2004, and the Board found that Mills had violated his parole on the burglary conviction and ordered Mills to serve the balance of his burglary sentence.

On March 18, 2005, Mills filed a petition for writ of habeas corpus, alleging that his parole ended on August 13, 2003 and, therefore, he was not on parole when he was arrested on August 20, 2003, for resisting law enforcement. Mills alleged that he was entitled to immediate release and specifically stated that he was not "attacking the validity of the conviction or sentence" under Ind. Post Conviction Rule 1, § 1(c). Appellant's Appendix at 11. The Board filed a motion for summary disposition, and the trial court granted the Board's motion as follows:

1. The petitioner filed his claim as a writ of habeas corpus, and in his motion to deny respondent's motion for summary disposition, objects to the determination that this cause is a petition for post-conviction relief. He states that this is not a challenge to his conviction or sentence in Wayne Superior Court, Cause 89D02–9803–CF–16, and the court agrees. However, his challenge is to the Indiana Parole Board's determination that his parole in that cause should be revoked. That decision was made on March 16, 2004 when the petitioner was incarcerated in the Indiana Department of Corrections. He is presently incarcerated in the Miami County Correctional Facility, and the court has jurisdiction over both the subject matter and the petitioner. In challenging a ruling on parole revocation, when the only question presented by the petition is whether or not the Parole Board of the state prison, sitting in this county, has the authority to revoke the parole of an inmate, this court has jurisdiction to decide the matter. See *State ex rel. Raines v. Madison County Superior Court*, 268 Ind. 623, 377 N.E.2d 1343, 1344 (1978); *Hawkins v. Jenkins*, 268 Ind. 137, 374 N.E.2d 496; 1978. Further, the trial court may treat a habeas corpus petition as a post-conviction relief petition. *Meeker v. Indiana Parole Board*, 794 N.E.2d 1105 (Ind.App. 2003), *reh. denied, trans. denied.*

2. The court finds the following facts:

   a. The petitioner was convicted of burglary and sentenced on April 27, 1999, to eight years executed, with credit for 164 days. On May 11, 1999, he was convicted of fail-

ure to appear and was sentenced to one year executed, consecutive to his earlier sentence and no credit time. On September 14, 2002, the petitioner completed his fixed term of incarceration for the burglary. He was placed on parole and began serving his term on the failure to appear. He was released from the Department of Corrections on February 14, 2003.

b. On July 12, 2003, the petitioner was arrested for battery on a health care worker and the Parole Board issued a warrant for his arrest. A parole violation report was filed on July 16, 2003 and a second parole violation report was filed on July 25, 2003. That report added that the petitioner could not be found and he was declared delinquent from parole effective July 2, 2003.

c. When the petitioner was found, he was advised of his preliminary hearing and decided to waive the hearing and plead guilty to violating parole by moving without permission and failing to report to his parole agent. The Parole Board held a final hearing on March 16, 2004 and determined that the petitioner violated the prohibition on committing criminal acts, failed to report to his parole agent and moved without permission from his parole agent. His parole was revoked, and the next hearing was scheduled for January 2005. The board found that the petitioner was sentenced on January 20, 2004 in the Wayne Superior Court, to a term of two and one-half years for the crime of resisting law enforcement, and was given jail time credit of 154 days. The petitioner is not entitled to credit for time on parole while awaiting disposition on new criminal charges.

3. The petitioner has claimed in his writ that when he was placed on parole status in the burglary charge and started on the one year sentence for failure to appear sentence, he was "turned over" or automatically discharged from the burglary sentence. Other than his own statement, the petitioner has provided no evidence of being discharged or "turned over", so the petitioner is asking this court to make a determination of law.

4. The petitioner has not made a prima facie showing that he was discharged from parole on the first burglary sentence. On September 14, 2002, at the time he began his sentence on the failure to appear conviction, he would have had either four years remaining to serve for the burglary or 24 months on parole, pursuant to I.C. 35–50–6–1. His term of parole violations were determined. See *Parker v. State*, 822 N.E.2d 285 (Ind.App.2005); *Hannis v. Deuth*, 816 N.E.2d 872 (Ind.App.2004). The court concludes that the petitioner had not completed parole and was not discharged from his burglary sentence at the time of his parole violation. He is therefore subject to the authority of the Indiana Parole Board, and any sanctions imposed as a result of his parole violations.

IT IS THEREFORE ORDERED that judgment is entered in favor of the respondent and against the petitioner, that the petition is hereby denied and the petitioner shall take nothing by way of his petition.

Appellant's Appendix at 3–5.

The issue is whether the trial court erred by denying Mills's petition for

writ of habeas corpus. We begin by noting that the trial court treated Mills's petition for writ of habeas corpus as a petition for post-conviction relief and decided the matter on summary disposition. *See* Ind. Post–Conviction Rule 1(4)(g) (discussing summary disposition of petitions for post-conviction relief). Ind.Code § 34–25.5–1–1 (2004) provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." "The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint." *Partlow v. Superintendent, Miami Correctional Facility,* 756 N.E.2d 978, 980 (Ind.Ct.App.2001). "One is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody." *Id.* Mills's petition alleged that he was entitled to immediate release.

Additionally, we note that Ind. Post–Conviction Rule 1(1)(a)(5) provides that "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims ... (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint ... may institute at any time a proceeding under this Rule to secure relief." Ind. Post Conviction Rule 1 also provides, in part, that "[t]his Rule does not suspend the writ of habeas corpus ...." Ind. Post–Conviction Rule 1(1)(c).

Because Mills alleged that he was entitled to immediate release, it appears that the habeas corpus statutes are applicable. However, because Mills alleges that his parole was unlawfully revoked, it appears that he could have also filed for relief under the post-conviction rules. *See State v. Jeffers,* 168 Ind.App. 284, 287, 342 N.E.2d 681, 683 (1976) (holding that "PCR 1 does not replace the traditional remedy of habeas corpus as a method of challenging a defendant's unlawful incarceration" and finding "no authority for the proposition that the post-conviction rules may not supply an alternative or additional remedy where a parole has been unlawfully revoked").

Neither party addresses whether the trial court properly treated Mills's petition for writ of habeas corpus as a petition for post-conviction relief and addressed the petition through summary disposition. We encountered a similar problem in *Partlow,* 756 N.E.2d at 981–982. There, we concluded that although the trial court improperly redesignated the petitioner's writ of habeas corpus as one for post-conviction relief, the trial court had jurisdiction to hear the case. *Partlow,* 756 N.E.2d at 981. Moreover, we determined that "[w]e need not reach the issue of whether Partlow was entitled to a hearing on his properly-denominated petition for writ of habeas corpus because Partlow request[ed] that we decide the merits of [the] case ...." *Id.* at 982. Similarly, here, because the Miami Circuit Court has jurisdiction to hear the case[1] and neither party claims

---

1. In *Partlow,* we held:

Jurisdiction over writs of habeas corpus is traditionally with the court in the county where the petitioner is incarcerated, Ind. Code § 34–25.5–2–2 (1998), whereas petitions for post-conviction relief must be filed in the conviction court, Ind. Post–Conviction Rule 1(2). However, when a petitioner files what is captioned a petition for writ of habeas corpus with the court in the county of incarceration but the trial court deems it to be a post-conviction relief petition and the petitioner is attacking the validity of the conviction, the court where it was filed must transfer the petition to the conviction court. Ind. Post–Conviction Rule 1(1)(c). But, if the petitioner erroneously files a writ of habeas corpus that should be a post-

that the trial court erred by treating Mills's writ of habeas corpus as a petition for post-conviction relief, we will address the merits of the case.

■ Mills argues that the Board erred by revoking his parole on his burglary conviction because: (1) he was discharged from this burglary conviction; and (2) he was no longer on parole when he was arrested for resisting law enforcement. Mills appears to contend that he was on parole for six months on his failure to appear conviction, not his burglary conviction, and that the parole ended prior to his arrest for the resisting law enforcement charge.[2] In support of his argument that he was not on parole for the burglary conviction, Mills relies upon *Meeker v. Ind. Parole Bd.*, 794 N.E.2d 1105 (Ind.Ct.App. 2004), *reh'g denied, trans. denied.* Mills argues that the Board discharged him on the burglary sentence and that he could not have been on parole from the burglary sentence. In *Meeker*, we held that when the Board "turned over" the defendant to begin serving his other sentences from the subsequent convictions, it effectively discharged the defendant from the original sentences. *Meeker*, 794 N.E.2d at 1109. Unlike *Meeker*, Mills presented no evidence that the Board took action to discharge or "turn over" his burglary sentence. *See, e.g., Hannis v. Deuth*, 816 N.E.2d 872, 879 (Ind.Ct.App.2004) (holding that *Meeker* was distinguishable because

the petitioner presented no evidence that the parole board took action to discharge his eight-year sentence); *Parker*, 822 N.E.2d at 287–288 (holding that *Meeker* was distinguishable because the petitioner presented no evidence that the parole board discharged or "turned over" the sentence).

Moreover, Mills's release on parole and discharge is governed by Ind.Code § 35–50–6–1, which provides in relevant part:

(a) Except as provided in subsection (d), when a person imprisoned for a felony completes his fixed term of imprisonment, less the credit time he has earned with respect to that term, he shall be:

(1) released on parole for not more than twenty-four (24) months, as determined by the parole board;

(2) discharged upon a finding by the committing court that the person was assigned to a community transition program and may be discharged without the requirement of parole; or

(3) released to the committing court if his sentence included a period of probation.

(b) Except as provided in subsection (d), a person released on parole remains on parole from the date of his release until his fixed term expires, unless his

---

conviction relief petition because it does not allege that the petitioner's remedy is immediate discharge (and it does not attack the validity of the conviction), such a petition may remain in the court in the county of incarceration. See [*Hawkins v. Jenkins*, 268 Ind. 137, 139–140, 374 N.E.2d 496, 498 (1978)].

*Partlow*, 756 N.E.2d at 981. Mills was incarcerated in Miami county and does not challenge his convictions or underlying sentences. Thus, the Miami county courts had jurisdiction. *But see Parker v. State*, 822 N.E.2d 285,

286 (Ind.Ct.App.2005) (applying the post-conviction rules to a petition for writ of habeas corpus by determining that the petitioner was challenging the sentence imposed by the parole board).

2. On appeal, Mills also argues that the Board has miscalculated his maximum release date. Mills did not raise this issue to the trial court and cannot now raise it on appeal. *Pruitt v. State*, 834 N.E.2d 90, 111 (Ind.2005) (holding that arguments not raised at trial were not available on appeal).

parole is revoked or he is discharged from that term by the parole board. In any event, if his parole is not revoked, the parole board shall discharge him after the period set under subsection (a) or the expiration of the person's fixed term, whichever is shorter.

\* \* \* \* \* \*

*See Hannis,* 816 N.E.2d at 876. In Mills's case, Ind.Code § 35–50–6–1(a)(2) and (a)(3) are not applicable. Thus, when Mills "complete[d] his fixed term of imprisonment, less the credit time he ... earned with respect to that term," the statute required that he "shall be ... released on parole for not more than twenty-four (24) months, as determined by the parole board." I.C. § 35–50–6–1(a)(1). Further, "the parole board shall discharge him after [the twenty-four month period] or the expiration of [his] fixed term, whichever is shorter." I.C. § 35–50–6–1(b).

After completing his eight-year sentence for burglary less credit time, Mills still had to serve the consecutive one-year sentence for failure to appear. In *Hannis,* we noted that the parole statutes make no specific provision for dealing with consecutive sentences. *Hannis,* 816 N.E.2d at 877. There, the defendant served an eight-year sentence but still had to serve consecutive two-year sentences. *Id.* We held:

> Under the statute, when Hannis completed his eight-year sentence less his credit time, it was mandatory that he be released on parole for the lesser of twenty-four months or the remainder of his fixed term, approximately four years and four months. As a result, Hannis completed his eight-year sentence less his credit time on November 22, 1999, and was then on parole for twenty-four months, i.e., until November 22, 2001. Although Hannis was on parole from the eight-year sentence, he also had to serve

his remaining concurrent two-year sentences, which were consecutive to the eight-year sentence. Because of the mandatory nature of Ind.Code § 35–50–6–1, we conclude that, although Hannis was on parole for the eight-year sentence after November 22, 1999, part of that parole period passed while he was in prison serving his concurrent two-year sentences.

> On August 24, 2000, upon his completion of the concurrent two-year sentences less credit time, Hannis was released to parole on the concurrent two-year sentences. Hannis again was required to serve parole in the amount of the lesser of twenty-four months or the remainder of his concurrent two-year terms. The remainder of his concurrent two-year terms was less than twenty-four months, and, therefore, Hannis had to serve the remainder of his concurrent two-year sentences on parole. Hannis had started serving the concurrent two-year sentences on November 22, 1999. Thus, by coincidence, both the parole on the eight-year sentence and the parole on the concurrent two-year sentences ended on November 22, 2001. For the parole board to discharge Hannis on the eight-year sentence, he had to complete the lesser of a twenty-four month period of parole or his fixed term had to expire. I.C. § 35–50–6–1(b). Neither of these two events had occurred. Hannis was still on parole from the eight-year sentence and the concurrent two-year sentences when he was arrested for a new violation and violated his parole. Consequently, the parole board properly found that Hannis had violated his parole on the eight-year sentence and ordered him to serve the remainder of the sentence.

*Id.* (footnote omitted).

Likewise, here, Mills completed serving his eight-year burglary sentence on Sep-

tember 14, 2002, and started serving a parole term of twenty-four months, which would end on September 14, 2004. Part of that parole period was served while he was in prison serving his one-year sentence for failure to appear, and Mills was released from prison on February 14, 2003.[3] Mills was still on parole from his burglary conviction when, in July and August of 2003, he moved without permission, failed to report, and was arrested for resisting law enforcement.

Mills argues that *Hannis* is distinguishable because his consecutive sentences were from unrelated convictions while the consecutive sentences in *Hannis* were from a single judgment. In *Hannis,* we distinguished *Meeker* on several grounds. *Id.* at 879–880. First, we noted that:

> *Meeker* dealt with sentences for two unrelated convictions (the dealing convictions and the alcohol related conviction), and we held that "the parole board could not effectively suspend [the defendant's] parole on one set of sentences until after he served the sentences on other *unrelated* convictions." [*Meeker,* 794 N.E.2d] at 1108 (emphasis added). Here, we are dealing with consecutive sentences imposed under one judgment. Hannis fails to explain how the holding in *Meeker* is applicable to the facts of this case.

*Hannis,* 816 N.E.2d at 879. As explained above, the Board here did not suspend Mills's parole on one sentence until after he served another unrelated sentence. Rather, he served part of his parole on the burglary conviction while he served the consecutive sentence for the failure to appear conviction. Even though Mills's consecutive sentences were from unrelated

convictions while the consecutive sentences in *Hannis* were from a single judgment, we conclude that the principles enunciated in *Hannis* apply.

In summary, we conclude that Mills was on parole ·from the burglary sentence at the time that he committed several violations. The trial court properly denied Mills's petition for writ of habeas corpus. *See, e.g., Hannis,* 816 N.E.2d at 880 (holding that the trial court properly denied the petition for writ of habeas corpus); *Parker,* 822 N.E.2d at 288 (holding that the trial court properly denied the petition for writ of habeas corpus).

For the foregoing reasons, we affirm the trial court's denial of Mills's petition for writ of habeas corpus.

Affirmed.

DARDEN, J. and BAILEY, J. concur.

---

**3.** When Mills was released from prison on February 14, 2003, he also had to serve parole in the amount of the lesser of twenty-four months or the remainder of his one-year term. The remainder of his one-year term was less than twenty-four months, and, therefore, Mills had to serve the remainder of his one-year sentence on parole.