# FOR PUBLICATION



FILED
Jan 20 2012, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

<u>ATTORNEY FOR APPELLANT</u>:

**BRIDGETTE F. GREENE**
Elkhart, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

JOSE CASTILLO-AGUILAR,           )
                                 )
    Appellant-Defendant,        )
                                 )
        vs.                 )     No. 20A04-1003-CR-195
                                 )
STATE OF INDIANA,                )
                                 )
    Appellee-Plaintiff.         )

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No. 20D02-0907-FC-106

**January 20, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Jose Castillo-Aguilar was charged with Class C felony forgery[1] for providing a false name to obtain employment. Police obtained the name of Castillo-Aguilar's employer from an "Information Sheet," (State's Ex. 1), he was given at the Goshen Police Department following his arrest for driving without a license. Castillo-Aguilar alleges he should have received a *Miranda*[2] warning prior to filling out that Information Sheet and, therefore, all evidence collected based on his answers should be suppressed. The trial court denied his motion to suppress, and we accepted jurisdiction over Castillo-Aguilar's interlocutory appeal. We reverse.

## FACTS AND PROCEDURAL HISTORY

When police stopped him for a cracked windshield, Castillo-Aguilar, who speaks little English, indicated he did not have a driver's license or insurance. When asked for identification cards, he provided cards that contained two different names. The officer arrested Castillo-Aguilar for driving without ever receiving a license[3] and transported him to the police station to determine his identity.

At the station, the officer gave Castillo-Aguilar an "information sheet" to fill out. The sheet requested, in Spanish with English translation, the following information: full name, nicknames, complete address, telephone number, social security number, age, birthday, birth location, nationality, time living in Goshen, the name of his car insurance company, and the name and location of his employer. (*Id.*) No one gave Castillo-Aguilar a *Miranda* warning

---

[1] Ind. Code § 35-43-5-2(b).
[2] *Miranda v. Arizona*, 384 U.S. 436 (1966), *reh'g denied*.
[3] Ind. Code § 9-24-18-1.

before he filled out this form.[4]

The arresting officer gave the Information Sheet to a detective for investigation into whether Castillo-Aguilar was using a false name for employment purposes. The detective contacted the employer Castillo-Aguilar listed, and the employer identified Castillo-Aguilar as an employee named Gilberto Beltran. Further investigation revealed Castillo-Aguilar submitted an I-9 employment form[5] containing a false name.

Based on that false documentation, the State charged Castillo-Aguilar with Class C felony forgery. Castillo-Aguilar filed a motion to suppress his answers on the Information Sheet and all evidence collected thereafter, because he was not given his *Miranda* rights prior to completing the form. After a hearing, the trial court denied his request.

## DISCUSSION AND DECISION

The State did not file an appellee's brief. Therefore, we apply a less stringent standard of review whereby we may reverse if Castillo-Aguilar establishes *prima facie* error. *See Parker v. State*, 822 N.E.2d 285, 286 (Ind. Ct. App. 2005). *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Id*. We apply this rule not to benefit Castillo-Aguilar, but to relieve us of the burden of controverting his arguments. *See id*. We are not relieved, however, of our obligation to properly decide the law as applied to the facts of the case. *Gamble v. State*, 831 N.E.2d 178, 185 n.4 (Ind. Ct. App. 2005), *trans. denied*.

---

[4] Castillo-Aguilar alleges a Spanish version of the *Miranda* form was available in the tray next to where the officer obtained the Information Sheet that he gave to Castillo-Aguilar, and thus readily accessible to give to Castillo-Aguilar to read. (*See* Tr. at 20-21.)

[5] An I-9 form is used by the Federal Government to confirm an individual's eligibility to work in the United States. http://www.uscis.gov/files/form/i-9.pdf (last visited December 20, 2011).

We review the denial of a motion to suppress evidence in a manner similar to allegations of insufficient evidence. *Taylor v. State*, 689 N.E.2d 699, 702 (Ind. 1997). We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id.* However, unlike the typical sufficiency of the evidence case where we consider only the evidence favorable to the judgment, in reviewing a denial of a motion to suppress, we also must consider the uncontested evidence most favorable to the defendant. *Fair v. State*, 627 N.E.2d 427, 434 (Ind. 1993).

Castillo-Aguilar argues he should have been given *Miranda* warnings prior to filling out the Information Sheet, because the questions thereon, specifically where he worked, were used to elicit an incriminating response that was later the basis for the charges against him. Castillo-Aguilar argues, based on the totality of the circumstances, the question regarding his place of work was used for investigative, not informational, purposes.

"[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), *reh'g denied*. Those procedural safeguards include an advisement the accused has the right to remain silent; anything he says or does may be used against him; he has a right to attorney; and if he cannot afford one, an attorney will be appointed for him. *Id*. at 479. *Miranda* warnings are required only when the accused is in custody and subjected to interrogation. *White v. State*, 772 N.E.2d 408, 412 (Ind. 2002).

There is no question that Castillo-Aguilar was in custody, as Officer McCloughen

4

testified he placed Castillo-Aguilar under arrest. The question we must resolve is whether Castillo-Aguilar was subjected to "interrogation" when he was asked to fill out the Information Sheet after arriving at the police station.

Under *Miranda*, "interrogation" includes express questioning and words or actions by police that the police know are reasonably likely to elicit an incriminating response. *Id.* Routine questions for the purpose of identification, such as name, address, height, and weight are not within the purview of *Miranda*. *Loving v. State*, 647 N.E.2d 1123, 1126 (Ind. 1995). At the hearing, the State argued the information was used for booking purposes only, and thus *Miranda* warnings were not required.

At the traffic stop, Officer McCloughen found two pieces of identification in Castillo-Aguilar's wallet, and each piece of identification contained a different name. Officer McCloughen testified he took Castillo-Aguilar into custody because he could not communicate with Castillo-Aguilar at the scene of the traffic stop, as Castillo-Aguilar spoke only Spanish and Officer McCloughen spoke only English. Officer McCloughen took Castillo-Aguilar "to the Goshen Police Department to follow up to make sure subject has not been using more than one (1) name," (Tr. at 12), and he took him there "for purposes of investigation and not for processing paperwork." (*Id.*) When asked why he did not read Castillo-Aguilar his *Miranda* rights, Officer McCloughen testified, "I didn't ask him questions." (*Id.*)

The State argued during the suppression hearing the employment question appeared on the Information Sheet for purposes of locating the accused should a warrant be issued for

5

his arrest. However, Castillo-Aguilar correctly notes other questions on the Information Sheet, including, "How long have you lived in Goshen?" and "Name of car insurance company" (State's Ex. 1) suggest the answers would be used for investigative, not administrative purposes, and therefore fall outside the booking exception discussed in *Loving*.

To determine if police action is intended to undermine the protections set forth in *Miranda,* we look to the totality of the circumstances. *State v. Keller*, 845 N.E.2d 154, 166 (Ind. 2006). "Limited and focused inquiries on the part of police normally attendant to arrest and custody do not constitute custodial interrogation." *Curry v. State*, 643 N.E.2d 963, 977 (Ind. Ct. App. 1994), *reh'g denied*, *trans. denied*. Even if a question regarding a person's place of employment might be needed to determine where a warrant could be served, the other questions on the Information Sheet about length of residence and name of car insurance company, when combined with the fact Officer McCloughan took Castillo-Aguilar into custody for investigative purposes, demonstrate Castillo-Aguilar was subjected to interrogation. *Cf. Deckard v. State*, 670 N.E.2d 1, 5 (Ind. 1996) (*Miranda* warnings not required when officer asked Deckard his name and age).

As Castillo-Aguilar was subjected to interrogation by the questions on the Information Sheet, he should have been given *Miranda* warnings. As he was not, the answers he provided on the Information Sheet, and evidence collected as a result of those answers, should be suppressed. *See, e.g., King v. State*, 844 N.E.2d 92, 97 (Ind. Ct. App. 2005) ("Because King was subjected to a custodial interrogation without the benefit of the Miranda

6

warning, the pre-Miranda statements are inadmissible and should be suppressed."). Castillo-Aguilar has demonstrated *prima facie* error, and we accordingly reverse the denial of his motion to suppress.

Reversed.

FRIEDLANDER, J., and MATHIAS, J., concur.