**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**MICHAEL KERN**
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana



FILED

Aug 30 2012, 9:47 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL KERN,                      )
                                   )
    Appellant-Petitioner,          )
                                   )
        vs.                    )    No.  35A02-1108-MI-903
                                   )
STATE OF INDIANA,                  )
                                   )
    Appellee-Respondent.           )

APPEAL FROM THE HUNTINGTON CIRCUIT COURT
The Honorable Thomas M. Hakes, Judge
Cause No. 35C01-1107-MI-572

**August 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Michael Kern was convicted of burglary in 1979 and was sentenced to fifty years in the Department of Correction. In 1990, his sentence was modified so that he would serve five years on probation. In 1997, the State filed a motion to revoke his probation. Due to numerous continuations, an order was not issued until 2001. At that time, the trial court ordered Kern to serve four years of his previously suspended sentence, followed by fifteen years on probation. On June 7, 2011, Kern filed in Hendricks County a petition for writ of habeas corpus, which alleged that the 2001 order expanded his probationary period beyond what was permitted by statute. The State filed a motion arguing that Kern's petition was in fact a petition for post-conviction relief and therefore should be transferred to Huntington County, where he was originally convicted and sentenced. The State's motion was granted, and the case was transferred to Huntington Circuit Court, which denied Kern's petition, finding that he had already litigated the issue in a 2002 motion to correct erroneous sentence. Kern has not shown that the post-conviction court's findings were erroneous or that he could not have raised the issue in a direct appeal from the 2001 or 2002 orders. Therefore, we affirm.

**Facts and Procedural History**

On December 10, 1979, Kern received a fifty-year executed sentence following his conviction in Huntington County of burglary as a class A felony. On October 1, 1990, the trial court modified Kern's sentence by suspending twenty years, five of which were to be served on probation.

2

On March 7, 2001, Kern's probation was revoked because he committed a new offense, child molesting. The trial court ordered that Kern be imprisoned for four years of the previously-suspended sentence and be on probation for fifteen years thereafter. On April 12, 2002, Kern filed a motion to correct erroneous sentence, which the trial court denied on May 13, 2002. In 2009, following two more probation violations, the trial court ordered that Kern be imprisoned for the balance of his previously-suspended sentence for burglary.

On June 7, 2011, Kern filed a petition for writ of habeas corpus in Hendricks Superior Court. The petition alleged that the March 7, 2001 order that he serve four years of his suspended sentence, followed by fifteen years on probation, expanded his probationary period contrary to statute. On June 28, 2011, the State filed a motion for transfer to Huntington County, in which the State argued that because Kern was attacking the validity of his sentence, the petition should be treated as a petition for post-conviction relief and therefore must be transferred to the county where he was sentenced. The Hendricks Superior Court granted the motion, and the case was transferred to Huntington Circuit Court.[1]

On July 25, 2011, the court denied Kern's petition. The court found that Kern had raised the same issue in the motion to correct erroneous sentence filed on April 12, 2002, that the court had denied that motion, and that Kern had not appealed the order on his motion to correct erroneous sentence. Kern now appeals.

---

[1] We note that a petition for writ of habeas corpus can be a proper vehicle for raising sentencing claims if the petitioner alleges that he is entitled to immediate release. *Mills v. State*, 840 N.E.2d 354, 357 (Ind. Ct. App. 2006). Although Kern's petition alleged that he was entitled to immediate release, he has not maintained that position on appeal and has not challenged the transfer of his case to Huntington County. Therefore, we will treat Kern's petition as one for post-conviction relief.

## Discussion and Decision

Indiana Post-Conviction Rule 1(a) provides:

> Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:
>
> (1) that the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state;
>
> (2) that the court was without jurisdiction to impose sentence;
>
> (3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous;
>
> (4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
>
> (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;
>
> (6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy;
>
> may institute at any time a proceeding under this Rule to secure relief.

The petitioner in a post-conviction proceeding bears the burden of proving the grounds for relief by a preponderance of the evidence. *Henley v. State*, 881 N.E.2d 639, 643 (Ind. 2008). Kern is appealing a negative judgment; therefore, he must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id*. at 643-44. "Although we do not defer to the post-conviction court's legal conclusions, a post-conviction court's findings and judgment will be

4

reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." *State v. Damron*, 915 N.E.2d 189, 191 (Ind. Ct. App. 2009), *trans. denied* (2010).

Post-conviction proceedings do not afford a petitioner with a "super-appeal." *Williams v. State*, 808 N.E.2d 652, 659 (Ind. 2004). "If an issue was known and available on direct appeal, but not raised, it is procedurally defaulted as a basis for relief in subsequent proceedings." *Id.*

Kern argues that the 2001 order partially revoking and extending his probationary period was erroneous because the court lacked authority to extend his probationary period by more than one year.[2] Kern relies on Indiana Code Section 35-38-2-3(g) (2001),[3] which provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may:
>
> > (1) continue the person on probation, with or without modifying or enlarging the conditions;
> >
> > (2) extend the person's probationary period for not more than one (1)

---

[2] It appears that Kern may also be arguing that the court was permitted to revoke his probation or extend it, but not both. The cases that Kern cites in support of this argument have been overruled by *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007) (holding that Ind. Code § 35-38-2-3(g) "permits judges to sentence offenders using any one of or any combination of the enumerated options").

It also appears that Kern may be arguing that his probation was not properly revoked because he had already completed it by the time that the trial court issued its order in 2001. Kern alleges that he was on probation from June 3, 1994 to June 4, 1999. We note that the petition to revoke was filed in 1997 and therefore was timely filed. *See* Ind. Code § 35-38-2-3(a) (2001) (probation may be revoked if petition is filed during the probationary period).

[3] The State disputes that this is the applicable version of the statute. As Kern's arguments ultimately fail, for purposes of this opinion, we will assume without deciding that the 2001 version is the applicable version of the statute.

5

year beyond the original probationary period; or

(3) order execution of the sentence that was suspended at the time of initial sentencing.

The post-conviction court found that this issue had already been litigated and adjudicated adversely to Kern in his 2002 motion to correct erroneous sentence. Kern has not provided us with his 2002 motion to correct erroneous sentence or the trial court's ruling thereon; therefore, he has not shown that the post-conviction court's findings were erroneous. In addition, the State notes that Kern did not appeal from the 2001 order partially revoking and modifying his probation or the 2002 ruling on his motion to correct erroneous sentence. We agree with the State that the issue that Kern raises was known and available at the time of the 2001 and 2002 orders and cannot now be raised in a petition for post-conviction relief. Therefore, we affirm the denial of his petition for post-conviction relief.

Affirmed.

RILEY, J., and BAILEY, J., concur.