Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.

**FILED**

Nov 05 2014, 10:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CASEY RIGGINS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1404-CR-252 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda Brown, Judge
The Honorable Christina Klineman, Judge Pro-Tem
Cause No. 49F10-1305-CM-029257

**November 5, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Casey Riggins ("Riggins") was convicted in Marion Superior Court of Class A misdemeanor operating a vehicle while intoxicated in a manner that endangered a person. Riggins appeals his conviction and argues that the State failed to prove that he was intoxicated.

We affirm.

**Facts and Procedural History**

On May 3, 2013, Indianapolis Metropolitan Police Department Officer Derek Jackson responded to the scene of a single vehicle accident near the intersection of 43rd and Central Avenue. Officer Jackson observed that the vehicle left the roadway and traveled to the west side of the street where it stopped in a yard.

Riggins was the driver and the sole occupant of the vehicle. Officer Jackson noted that Riggins had bloodshot eyes, unsteady balance, trouble walking and putting sentences together, and was "very lethargic." Tr. p. 10. Riggins told the officer that he was on PCP. Id.

Indianapolis Metropolitan Police Department Officer Christopher Cooper assisted Officer Jackson at the accident scene. Riggins also told Officer Cooper that he was on PCP. Tr. p. 21. Officer Cooper further observed that Riggins was sweaty and that "[h]is body was shaking a little bit." Id. Riggins was also "dazed and confused" and had a hard time walking. Tr. pp. 22-23.

Both officers concluded that Riggins was intoxicated; therefore, Riggins was charged with Class A misdemeanor operating a vehicle while intoxicated in a manner that

endangered a person. The officers also discovered that Riggins's driver's license was suspended and he was charged with operating a motor vehicle with a suspended license.

A bench trial was held on March 17, 2014. Riggins testified that the accident occurred because he swerved to avoid hitting a cat. He stated that he hit his head on the steering wheel of the vehicle, which caused him to lose consciousness. Riggins denied telling the officers that he had ingested PCP. Tr. pp. 36-38.

The trial court found Riggins guilty as charged. He was ordered to serve concurrent terms of 365 days. For each Class A misdemeanor conviction, he was given credit for sixteen days and the remaining 349 days were suspended to probation. Riggins now appeals.[1]

**Discussion and Decision**

When the sufficiency of evidence is challenged, we neither reweigh the evidence nor judge the credibility of witnesses. Chappell v. State, 966 N.E.2d 124, 129 (Ind. Ct. App. 2012) (citing McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005)), trans. denied. Rather, we recognize the exclusive province of the trier of fact to weigh any conflicting evidence and we consider only the probative evidence supporting the conviction and the reasonable inferences to be drawn therefrom. Id. If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the verdict will not be disturbed. Baumgartner v. State, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008).

---

[1] Riggins does not appeal his conviction for operating a vehicle with a suspended license.

In this case, the State did not file an appellee's brief. Therefore, we apply a less stringent standard of review and will reverse if Riggins establishes prima facie error, which is "error at first sight, on first appearance, or on the face of it." Castillo-Aguilar v. State, 962 N.E.2d 667, 669 (Ind. Ct. App. 2012), trans. denied. The prima facie error standard relieves us of the burden of controverting Riggins's arguments, but it does not relieve us of our obligation to properly decide the law as applied to the facts of the case. Id.

In this case, the State was required to prove that Riggins operated a vehicle while intoxicated in a manner that endangered a person. Ind. Code § 9-30-5-2 (2014). Riggins argues that the State failed to prove that he was intoxicated.

But in support of his argument, Riggins relies on his own self-serving testimony that he was not intoxicated and his car left the roadway because he swerved to avoid hitting an animal. Riggins's argument is simply a request to reweigh the evidence and the credibility of the witnesses.

Riggins's operation of his vehicle caused the vehicle to leave the roadway and travel to the west side of the street where it stopped in a yard. Both responding officers testified that Riggins told them that he was on PCP. Tr. pp. 10, 21. The officers further observed that Riggins's eyes were bloodshot, his balance was unsteady, and he had trouble walking and putting sentences together. Tr. p. 10. He was also sweaty, shaking, and lethargic. Based on their training and experience, the officers believed that Riggins had ingested PCP and was intoxicated. Tr. pp. 11-12, 23. This evidence is sufficient to

4

prove that Riggins operated his vehicle while intoxicated in a manner that endangered a person.

For all of these reasons, we affirm Riggins's conviction for Class A misdemeanor operating a vehicle while intoxicated in a manner that endangered a person.

Affirmed.

CRONE, J., concurs.

RILEY, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

CASEY RIGGINS, )
)
    Appellant-Defendant, )
)
        vs. )    No. 49A02-1404-CR-252
)
STATE OF INDIANA, )
)
    Appellee-Plaintiff. )

**RILEY, Judge, dissenting**

I respectfully dissent from the majority's decision to affirm Riggins' conviction of operating a vehicle while intoxicated in a manner that endangers a person, a Class A misdemeanor. In particular, I do not agree that the State proved the presence of a controlled substance "in [Riggins'] body" beyond a reasonable doubt. Ind. Code § 9-30-5-1(c). Therefore, I would reverse.

The State's evidence consists entirely of the testimony of the two arresting police officers, who stated that Riggins admitted "that he was on PCP" and that he exhibited behaviors which, in their experience, are associated with the use of PCP. (Transcript p. 10). Rather than obtaining a sample of Riggins' blood or urine—which would have been a convenient task as he was transported from the scene directly to a hospital—and verifying whether Riggins did, in fact, have PCP or any other controlled substance(s) in

6

his system, the officers simply accepted Riggins' admission at face value. I find this to be concerning for several reasons.

First, our court has previously overturned convictions of operating a vehicle with a controlled substance in a person's blood[2] where the State failed to present any evidence of a blood analysis. In *Hoornaert v. State*, 652 N.E.2d 874, 875 (Ind. Ct. App. 1995), while questioning the defendant about his stuck vehicle, a police officer detected red/glassy eyes, nervousness, slow speech, and the odor of marijuana. The defendant admitted that he had smoked marijuana five days prior, and a portable breathalyzer test confirmed that the defendant's signs of impairment were not attributable to alcohol. *Id.* Even assuming that the defendant was under the influence of marijuana, we nevertheless refused to infer the presence of marijuana in his blood, as required by the statute, absent actual evidence of his blood content. *Id.* Likewise, in *Moore v. State*, 645 N.E.2d 6, 7 (Ind. Ct. App. 1994), without the results of a blood draw, we found that the State presented insufficient evidence to establish that the defendant still had marijuana in his blood three days after his admitted use. In the present case, Riggins did not indicate when he ingested PCP or the quantity that he consumed, and this court has previously acknowledged that "each person reacts differently to the ingestion of [controlled] substances and each person's body process the substances differently." *Bennett v. State*, 801 N.E.2d 170, 176 (Ind. Ct. App. 2003). Thus, even accepting his admission of PCP

---

[2] In 1997, the General Assembly amended Indiana Code section 9-30-5-1(c) by substituting "body" for "blood," thereby sanctioning the use of *either* a blood test *or* a urine screen to establish the presence of a controlled substance in a person's *body*. *See Bennett v. State*, 801 N.E.2d 170, 174 (Ind. Ct. App. 2003).

use as true, there is no evidence that any traces of PCP remained in Riggins' body at the time of the accident.

Second, other than their general training and experience, the police officers conceded that they have not received specific training in distinguishing the symptoms of PCP. However, both officers testified that Riggins exhibited confusion and unsteady balance, which they attributed to the use of PCP based on his admission. Officer Jackson also observed lethargy, glossy/bloodshot eyes, and difficulty speaking, whereas Officer Cooper noted that Riggins was sweaty and shaky. Although the officers explained that all of these symptoms may be indicative of PCP, Officer Cooper agreed that an individual who has just been in a car accident could be expected to exhibit many of the same symptoms. It is clear that the fact-finder disbelieved Riggins' claim that he swerved to avoid hitting a cat and bumped his head on the steering wheel, which caused his dizziness, confusion, etc. Yet, the undisputed evidence demonstrates that while Riggins displayed signs that may be characteristic of *either* PCP use *or* a head injury, he did not exhibit two telltale indicators of PCP: paranoia and violence. The cause of Riggins' impaired behavior could have been conclusively determined with a blood or urine screen.

Finally, in the probable cause affidavit, Officer Jackson averred that Riggins "was unable to tell me his name" or "to answer any of my questions[,]" but he managed to declare that he "was on PCP, marijuana, LSD, and alcohol." (Appellant's App. p. 18). Despite trusting Riggins' admission as to the PCP, the officers did not detect an odor of alcohol to believe that Riggins was actually intoxicated by alcohol. As a result, they elected not to administer breathalyzer or field sobriety tests. The realization that Riggins

had fabricated his admission of alcohol consumption should have prompted the officers to scrutinize the veracity of his admission as a whole by screening Riggins' blood or urine. "'Reasonably concluding' guilt is not the same as concluding guilt beyond a reasonable doubt." *Rhoades v. State*, 675 N.E.2d 698, 702 (Ind. 1996). Accordingly, I would find that the State fell short of its burden to prove that Riggins actually had PCP in his body at the time of the accident by not presenting toxicology evidence.